IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                                    Case No. 15-10058-JTM

Robert Lee Taylor, Jr., *et al.*,

    Defendants.

MEMORANDUM AND ORDER

The Indictment alleges that defendants were involved in a conspiracy to distribute a drug[1] known as "K-2." Defendant Robert Lee Taylor, Jr. moved for disclosure of any expert witness whom the government might call to testify as to the chemical nature of K-2. On November 4, 2015, the government filed a response, stating that it "is currently gathering this information and hopes to disclose it shortly." (Dkt. 45). Within approximately two hours, Taylor moved to exclude any expert chemical evidence as untimely. (Dkt. 46).

Co-defendant Derrick Eugene Parker has joined in the motion to exclude, and all the defendants have joined in the original motion for disclosure. (Dkt. 42, 43, 44, 47).

---

[1] Methyl 2- { [1- (5-fluoropentyl)- 1H-indazol-3-yl) carbonyl] amino} -3-methyl-butanoate, also known as 5F-AMB.

Taylor's motion stresses that the court's Scheduling Order provided: "Not later than 30 days after arraignment, the government shall comply with Rule 16." (Dkt. 38, at 2). Here, the arraignment occurred on August 7, 2015. Trial, which was originally scheduled for October 20, was delayed until December 1, 2015 at the defendant's request. Taylor, joined by his co-defendants, argues that any disclosure now is untimely.

The General Order of Discovery and Scheduling cited by the defendant is precisely that, a *general* form order entered in all criminal cases. It is not tailored to the circumstances of particular cases. The General Order does contain the language cited by defendants as to the timing of Rule 16 compliance (Dkt. 17, at 2), but this portion of the Order does not reference the expert disclosure obligation of Rule 16(a)(1)(G) in particular. Rather, this portion of the Order focuses almost exclusively on the government's obligation to provide *Brady* and *Giglio* material.

However, in a section which is not cited by the defendants, the Order does provide:

> Should either the government or the defendant plan to introduce expert testimony at trial, the sponsoring party should file a designation of expert and a summary of anticipated expert testimony no later than 45 days prior to trial.

*Id.* at 5.

Pursuant to this 45-day provision, the government "should" have presented its summary of its proposed exert testimony no later than October 17, 2015. Notably, however, the defendant did not move for disclosure under Rule 16(a)(1)(G) until just four days before that date, on October 13, 2015 (Dkt. 41), well after the original deadline for

2

discovery. And in that motion, defendant merely sought disclosure of the identity of any expert chemists the government intended to call at trial. Defendant made no argument that such discovery was already untimely under the Scheduling Order.

The expert disclosure rule, Rule 16(a)(1)(G), itself contains no deadline for disclosure of an expert witness summary. " Although subsection (a)(1)(E) does not include specific timing requirements, 'it is expected that the parties will make their requests and disclosures in a timely fashion.'" *United States v. VonWillie*, 59 F.3d 922, 928 n. 4 (9th Cir.1995) (quoting Fed.R.Crim.P. 16 advisory committee notes). To obtain relief from the prosecution's failure to provide an adequate written summary of an expert's opinions, the defendant must show prejudice. *United States v. Figueroa–Lopez*, 125 F.3d 1241, 1247 (9th Cir. 1997) ("As for discovery, a violation of Rule 16 does not itself require reversal, or even exclusion of the affected testimony," because the defendant also "must demonstrate prejudice to substantial rights" to obtain relief).

In the Tenth Circuit, the court may exclude evidence presented in violation of Rule 16 only upon a consideration of three factors: (1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the other party; and (3) the "feasibility of curing the prejudice with a continuance." *United States v. Banks*, 761 F.3d 1163, 1198-99 (10th Cir. 2014). *See United States v. Arroyos*, 2015 WL 4072131, *2 (10th Cir. July 6, 2015) (finding district court did not abuse discretion in allowing DEA agent's expert testimony since the delay was not in bad faith and, while not timely disclosed under Rule 16, it was disclosed "in time for Arroyos to prepare

3

cross-examination and obtain a competing expert," with the result that the defendant "suffered little from the delay").

Here, the defendants have shown none of the relevant factors. There is no indication of bad faith delay on the part of the government. There is no specific showing of prejudice on the part of the defendants. The defendants have made no showing that continuance would be inappropriate under the Speedy Trial Act, given the relative complexity of the issue of fact surrounding the chemical nature of K-2. Notably, the court's previous extension of the trial occurred at Taylor's own request and was premised on his own stipulation that "additional time is necessary to review the discovery with the defendant, evaluate the case *to determine the need for* investigation, *hiring experts*, and/or the filing of pre-trial motions." (Dkt. 40, at 1).

All of the foregoing is contingent, of course, upon the government's representation that summaries of expert testimony will be produced "shortly." Given the currently scheduled trial date, the court anticipates that such disclosures should be made no later than November 10, 2015.

IT IS ACCORDINGLY ORDERED this 5th day of November, 2015, that the Motions to Join of the various defendants (Dkt. 42, 43, 44, and 47) are hereby granted; defendant's defendant Taylor's Motion to Exclude (Dkt. 46) is denied, Taylor's Motion for Disclosure (Dkt. 41) is granted as provided herein.

                                                                      s/ J. Thomas Marten  
                                                            J. THOMAS MARTEN, JUDGE